Jones *vs*. The State—The Marietta Manufacturing Co. *vs*. Faw, etc.

## JONES *vs*. THE STATE OF GEORGIA.

On the trial of a defendant charged with the offense of shooting at another, it is error to charge that if defendant pointed a pistol at another and fired, it would be unnecessary to show that it was loaded with ball or shot, but the presumption of law would be that it was so loaded. See 45 *Ga.*, 477.

WARNER, Chief Justice.

---

## THE MARIETTA PAPER MANUFACTURING COMPANY *vs*. FAW.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The bill of exceptions was certified by the presiding judge on the 25th of April, 1879. Service of the same was acknowledged by defendant's counsel in the following words, on the 6th of May, 1879: "Due and legal service acknowledged on the within bill of exceptions, and copy and all further service hereby waived."

A motion was made to dismiss the bill of exceptions because service was not acknowledged within ten days. The bill of exceptions must be dismissed. The question is not an open one. 50 *Ga.*, 358; Code, §4259. The act of 1877 does not cure the defect. That act is intended to cure want of sufficient service where the party not only waives the defect but consents to try the case, and such is its language.

Writ of error dismissed.

JACKSON, Justice.

---

## McKINNEY, administrator, *vs*. WELLS & AVERA ; McKINNEY, administrator, *vs*. AVERA.

WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The first item of a testator's will was as follows: "I have sold the stock of goods now owned by me to my brother, D. G. Avera, he to pay my executor the cost price of the same, and my brother is to

The Manhattan Fire Insurance Co. *vs.* Tumlin.

have the use of the store-house as long as he wants it." Subsequent provisions of the will directed that the testator's wife keep his property together, and use her discretion in renting it out from year to year, for the benefit of herself and the children, who were to be reared and educated out of the rents and profits, and out of collections on the testator's notes and accounts. The property was to be kept together until the youngest child became of age, and then was to be sold or divided, the wife and each of the children to have an equal share. The wife and the said brother of the testator were appointed executors of the will and guardians of the children, bond and security being dispensed with.

*Held,* that the use of the store-house was bequeathed to the brother, and that it was his as matter of right, to occupy during pleasure without paying rent, and that such occupation might be with or without a partner in his business.

BLECKLEY, Justice.